# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES ANTHONY MENDOLERA, | ) | CASE NO. 1:18-CV-2604 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

Plaintiff Charles Anthony Mendolera ("Mendolera") appeals from the decision of the Commissioner of Social Security ("Commissioner"), denying his application for a Period of Disability ("POD"), Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). The matter was referred to Magistrate Judge Jonathan D. Greenberg for the preparation of a Report and Recommendation ("R&R"). The Magistrate Judge's R&R recommends that the Court affirm the Commissioner's decision. (Doc. No. 19.) Mendolera has filed objections to the R&R (Doc. No. 20 ["Obj."]). Defendant Commissioner of Social Security ("Commissioner") filed a response, indicating that he was resting on his merits brief. (Doc. No. 21 ["Opp'n"].) Upon *de novo* review and for the reasons set forth below, the Court overrules the objections, accepts the R&R, and dismisses the case.

I. **STANDARD OF REVIEW**

This Court's review of the R&R is governed by 28 U.S.C. § 636(b), which requires *de novo* review as to those portions of the document to which objection is made. "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or

simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004).

Judicial review of an administrative decision under the Social Security Act is limited to a determination of whether the administrative law judge ("ALJ") applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the decision. 42 U.S.C. § 405(g); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010). "Substantial evidence is less than a preponderance but more than a scintilla; it refers to relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.,* 741 F.3d 708, 722 (6th Cir. 2014).

A reviewing court is not permitted to resolve conflicts in evidence or to decide questions of credibility. *DeLong v. Comm'r of Soc. Sec. Admin.,* 748 F.3d 723, 726 (6th Cir. 2014); *Bass v. McMahon,* 499 F.3d 506, 509 (6th Cir. 2007). Nor need the reviewing court necessarily agree with the Commissioner's determination in order to affirm it. "Even if [the] Court might have reached a contrary conclusion of fact, the Commissioner's decision must be affirmed so long as it is supported by substantial evidence." *Kyle,* 609 F.3d at 854–55. This is true even if substantial evidence also supports the claimant's position. *See McClanahan v. Comm'r of Soc. Sec.,* 474 F.3d 830, 833 (6th Cir. 2006) (quotation marks and citation omitted).

Even when there is substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)). Likewise, a court "cannot uphold an

ALJ's decision, even if there 'is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result.'" *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (quoting *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996); and citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 544–46 (6th Cir. 2004) (finding it was not harmless error for the ALJ to fail to make sufficiently clear why he rejected the treating physician's opinion, even if substantial evidence not mentioned by the ALJ may have existed to support the ultimate decision to reject the treating physician's opinion)).

## II. THE ALJ'S DECISION AND THE R&R

The R&R recommends that the April 11, 2018 decision of the ALJ, which became the final decision of the Commissioner following administrative review, be affirmed. In advancing the recommendation, the Magistrate Judge rejected Mendolera's arguments that: (1) the ALJ erred in failing to find that Mendolera's affective disorder and anxiety disorder were severe impairments; and (2) the residual functional capacity ("RFC") does not appropriately accommodate all of Mendolera's limitations and is not supported by substantial evidence. With respect to the former argument, the Magistrate Judge observed that the ALJ followed the appropriate regulatory framework in evaluating Mendolera's mental impairments, and determined that, in any event, any error in finding the mental impairments to be non-severe was harmless because the ALJ "considered Mendolera's severe and non-severe impairments in her RFC analysis." (R&R at 1341–42[1].)

In her decision, the ALJ followed the familiar five-step sequential evaluation process for

---
[1] All page numbers refer to the page identification number generated by the Court's electronic docketing system.

determining whether an individual is disabled. At step two, the ALJ determined that Mendolera had the following "severe combination of impairments: degenerative disc disease (lumbar and cervical), cervical post-laminectomy syndrome, diabetes, neuropathy, arthritis, and myoclonus dystonia." (Doc. No. 12 ["ALJ Decision"] at 83.) The ALJ also found Mendolera had "nonsevere impairments of affective disorder, anxiety disorder, and substance addiction disorder." (*Id.* at 84.) The ALJ continued through the sequential steps, reviewing the medical evidence in the record, before finding that Mendolera retained the RFC to perform sedentary work as defined in 20 CFR § 404.1567(a) and § 416.967(a), except that Mendolera could never climb ladders, ropes, and scaffolds, and was further restricted to only occasional crawling and reaching overhead bilaterally. He was further limited by his need to avoid concentrated exposure to extreme cold, vibration, unprotected heights, and operating heavy/moving machinery. (*Id.* at 85.) Considering these limitations, the ALJ found that Mendolera was capable of performing past relevant work as a mortgage loan originator and was therefore not disabled as defined by the Social Security Act. (*Id.* at 92.)

### III. DISCUSSION

**Objection 1: The failure of the ALJ to find a severe mental impairment was not harmless error.**

In his first objection, Mendolera argues that, based on the record evidence, the ALJ erred in finding that his affective disorder and anxiety disorder were nonsevere impairments, and that this error could not have been harmless. In advancing this argument, he notes that he was diagnosed by Dr. Vincent Dalessandro as suffering from generalized anxiety disorder and major depressive disorder, and vaguely suggests that the ALJ failed to follow agency rules and regulations. (Obj. at 1350–51.) But a review of the ALJ's decision reflects that the ALJ followed

4

the regulatory framework for evaluating the nature and severity of mental impairments. "When there is evidence of a mental impairment documented by 'medically acceptable clinical and laboratory diagnostic techniques,' 20 C.F.R. § 404.1508, the regulations require the ALJ to follow a 'special technique' to assess the severity of the impairment, 20 C.F.R. § 404.1520a." *Brooks v. Comm'r of Soc. Sec.*, 531 F. App'x 636, 641 (6th Cir. 2013). Here, the ALJ followed the special technique dictated by § 404.1520a by considering the four functional areas—understanding, interacting, concentrating, and adapting or managing—applying the record evidence to each area. (ALJ Decision at 84–85.)

Of course, even if the ALJ had erred in failing to find Mendolera's mental impairments to be non-severe, the error would have been harmless. "An ALJ's failure to find a severe impairment where one exists may not constitute reversible error where the ALJ determines that a claimant has at least one other severe impairment and continues with the remaining steps of the disability evaluation." *Winn v. Comm'r of Soc. Sec.*, 615 F. App'x 315, 326 (6th Cir. 2015) (citing *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987)); *see Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 577 (6th Cir. 2009) (holding that "when an ALJ considers all of a claimant's impairments in the remaining steps of the disability determination, an ALJ's failure to find additional severe impairments at step two does 'not constitute reversible error'") (quoting *Maziarz*, 837 F.2d at 244). In his objections, Mendolera argues, for the first time, that the ALJ failed to consider his non-severe mental impairments in determining his RFC. (Obj. at 1351.) In fact, the Magistrate Judge noted in his R&R that Mendolera did not dispute this point in his merits brief. (R&R at 1341.) This new argument is not properly advanced for the first time in objections to the R&R. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir.

2000) (observing that, "while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq*., permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate [judge]"); *see also Whittum v. Saginaw Cty*., No. 02-10313-BC, 2005 WL 3271810, at *4 (E.D. Mich. Nov. 22, 2005) ("The Magistrates Act was not intended to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court.") (quotation marks and citation omitted).

But even if the argument had been properly presented in his merits brief, the record is clear that the ALJ considered Mendolera's severe and non-severe impairments in her RFC analysis. With respect to Mendolera's mental limitations, the ALJ afforded great weight to the state agency psychological examiners' findings of only mild limitations because the updated evidence did not show that Mendolera was more functionally limited, which was consistent with Dr. Dalessandro's treatment notes indicating an absence of depression, memory loss, suicide ideas, and anxiety. (ALJ Decision at 89–91.) *See Anthony v. Astrue*, 266 F. App'x 451, 457 (6th Cir. 2008) (where ALJ considered the severe and nonsevere impairments in the remaining steps of the sequential analysis, the fact that some of the impairments were not deemed to be severe at step two was "legally irrelevant"); *see, e.g., Maziarz*, 837 F.2d at 244 (no reversible error where ALJ considered claimant's cervical condition in evaluating the RFC). Mendolera's first objection is overruled.

**Objections 2 and 3: The ALJ failed to include visual and handle/finger/feel limitations in the RFC.**

In his second objection, Mendolera argues that the ALJ erred in failing to include visual restrictions in the RFC, and, in his third objection, he argues that the ALJ erred in failing to

include handle/finger/feel limitations in the RFC. (Obj. at 1351–52.) Because of these omissions, he maintains that the RFC is not supported by substantial evidence. (*Id*. at 1352.)

The Magistrate Judge reached a contrary conclusion, finding the RFC to be supported by substantial evidence. (R&R at 1344.) Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Swett v. Comm'r of Soc. Sec.*, 886 F. Supp. 2d 656, 659 (S.D. Ohio 2012) (citing *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); *Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986)). The Court begins with Mendolera's visual impairments. Mendolera points to evidence that he believes supports a finding of disability—namely, that he experiences dizziness, balance issues, an inability to focus, and jumpy vision. The Magistrate Judge acknowledged this evidence but also noted that Mendolera testified at the October 2017 hearing that his eye condition had improved in the last year, and, at the March 2018 supplemental hearing, testified that using a piece of paper to keep his place aided his reading, that he was able to take training courses for insurance sales, and that he had passed the test for insurance licensure. (R&R at 1344, citing record.)

The ALJ's decision reflects that she considered all this information, as well as the medical opinions addressing Mendolera's vision, in crafting her RFC. Here, the most recent medical and anecdotal evidence supported a finding that Mendolera's vision limitations were improving to the point that the limitations they posed were mild. When substantial evidence in the record supports the ALJ's determination, that finding must be affirmed even if substantial evidence may also exist in the record from which the ALJ could have found a claimant disabled. *See Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). Because the ALJ's decision to not

include visual limitations in the RFC is supported by substantial evidence, Mendolera's second objection is overruled.

In his third objection, Mendolera argues that the ALJ's decision to assign little weight to the opinions of treating sources who opined that he suffered from numbness and tingling in his fingers was "not according to agency rules and regulations." (Obj. at 1352.) This perfunctory argument, devoid of any analysis or development, is waived.[2] *See Dillery v. City of Sandusky*, 398 F.3d 562, 569 (6th Cir. 2005) ("It is well-established that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.") (quotation marks and citation omitted), *abrogated on other grounds as recognized by Anderson v. City of Blue Ash*, 798 F.3d 338, 357 n.1 (6th Cir. 2015); *Bishop v. Gosiger, Inc.*, 692 F. Supp. 2d 762, 774 (E.D. Mich. 2010) ("It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to put flesh on its bones.") (quotation marks and citation omitted).

But even if the Court overlooks the clear waiver of this argument, it fails on the merits. It is well settled that the ALJ must give a treating source opinion controlling weight if the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is "not inconsistent with the other substantial evidence in [the] case record." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). Further, an ALJ must give "good reasons" for giving less than controlling weight to a treating physician's opinion, reasons that are "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating

---

[2] This argument is waived for the additional reason that Mendolera failed to "challenge the weight assigned" to the treating physicians on this issue in his merits brief, a fact noted by the Magistrate Judge. (R&R at 1345.) *See Murr*, 200 F.3d at 902 n.1; *see also Whittum,* 2005 WL 3271810, at *4.

source's medical opinion and the reasons for that weight." *Id*.; *see Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 514 (6th Cir. 2010).

Moreover, where the opinion of a medical source contradicts the ALJ's RFC finding, she must explain why she did not include its limitations in her determination. *See, e.g., Fleischer v. Astrue*, 774 F. Supp. 2d 875, 881 (N.D. Ohio 2011). But, as with any evidence, an ALJ need only accept those limitations she finds credible, *see Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993), and her "RFC finding does not need to correspond to a particular physician's opinion." *Miller v. Soc. Sec. Admin.*, No. 3:14-2274, 2015 WL 4394800, at *7 (M.D. Tenn. July 16, 2015) (citing *Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 728 (6th Cir. 2013)).

Here, the ALJ discussed at length the medical opinion offered by Dr. Dalessandro relating to numbness and tingling, explaining that she assigned only limited weight to Dr. Dalessandro's findings because the severity noted in the assessments he submitted on December 3, 2015 and January 20, 2017 was not supported by his treatment notes. (ALJ Decision at 90.) She also underscored the "very short treatment relationship" Mendolera had with this physician. (*Id.* [noting that Dr. Dalessandro's first assessment was submitted within weeks of the initial examination in 2015 and that there were no treatment notes, at all, for 2016].)

In accordance with the treating-physician rule, the ALJ expressly explained the weight she gave to the opinion of Dr. Dalessandro and gave good reasons for doing so. Because the ALJ properly considered the treating opinion evidence relative to Mendolera's physical limitations, remand on this point is not warranted. *See Wilson*, 378 F.3d at 544 (noting that length, frequency, and nature of the treating relationship and the extent to which the opinion is supported

9

by treatment records are properly considered in determining the weight to give to a treating physician's opinion that is not accorded controlling weight); *see, e.g., Earls v. Colvin*, No. 1:13CV228, 2014 WL 1333261, at *13 (N.D. Ohio Mar. 28, 2014) (substantial evidence supported ALJ's decision to afford little weight to treating psychiatrist's opinion where severity of imposed limitations was not supported by physician's treatment notes). Mendolera's third objection is overruled.

## IV. CONCLUSION

For the foregoing reasons, Mendolera's objections are OVERRULED, the R&R is ACCEPTED, and the decision of the Commissioner is AFFIRMED. This case is closed.

**IT IS SO ORDERED**.

Dated: January 6, 2020

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**